IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD WALLACE, #207 922, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17-CV-292-WKW |
| | ) | [WO] |
| PHIL BRYANT, EXECUTIVE | ) | |
| DIRECTOR, BOARD OF PARDONS | ) | |
| AND PAROLES, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an indigent state inmate incarcerated at the St. Clair Correctional Facility in Springville, Alabama. Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

# I. DISCUSSION

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915. The cases on which this court relies in finding a § 1915(g) violation are : (1) *Wallace v. Chervenoff*, Civil Action No. 4:04-CV-3047-RBP-TMP (N.D. Ala. July 5, 2006) (failure to state a claim); (2) *Walllace v. Norton,* Civil Action No. 2:07-cv-762-MEF-SRW (M.D. Ala. September 21, 2007) (frivolous/failure to state a claim); and (3) *Wallace v. Eagle*, Civil Action No. 2:15-cv-448-MHT-SRW (M.D. Ala. September 4, 2015) (failure to state a claim). This court, therefore, concludes that these summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (*citing Martin, supra*, and *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," "where time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)

The court has carefully reviewed the claims in the instant action. Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege nor indicate that he was "under imminent danger of serious physical injury"

when he filed this cause of action as required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).² *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes this case is due to be summarily dismissed without prejudice as Plaintiff failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be DENIED; and

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

It is ORDERED that **on or before May 31, 2017**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal

---

²Based on the court's recommended disposition of this action, it engages in no scrutiny of the merits of the pending complaint. The court notes, however, that a § 1983 complaint is not an appropriate vehicle for a prisoner who seeks to challenge the fact or duration of his physical imprisonment and seeks as relief a determination that he is entitled to immediate or speedier release from that imprisonment. Rather, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).

3

conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 17th day of May, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge